**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| VINCENT DAVIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-1771 |
| KENNETH LANG, and | * | |
| BALTIMORE COUNTY | | |
| POLICE DEPARTMENT, | * | |
| Defendants. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

The self-represented plaintiff, Vincent Davis, is a Maryland prisoner confined at Western Correctional Institution ("WCI"). He filed a civil rights Complaint (ECF 5) in the Circuit Court for Baltimore County against the Baltimore County Police Department ("BCPD") and Officer Kenneth Lang, pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the 4th and 14th Amendments to the United States Constitution. *Id.* at 7-8. Davis also alleges violations of Articles 24 and 26 of the Maryland Declaration of Rights. *Id.* While the case was pending in State court, Davis filed several other submissions, including a "Motion To Enter Evidence" (ECF 8); documents in support of his suit (ECF 13; ECF 23); a "Revised Summary of Claim" (ECF 20), and, a "Motion To Amend Complaint" (ECF 23). I shall accept the Motion to Amend Complaint as a supplement to the Complaint.

Defendants removed the case to this court on July 16, 2021. ECF 1. As noted, by that point, plaintiff had filed numerous submissions in State court. The removal included all of the filings now found at ECF 5 through ECF 32.

On July 23, 2021, defendants moved for a one-month extension of time to respond to the suit. ECF 35. I granted that request by Order of July 26, 2021. ECF 36. Then, on August 6, 2021, plaintiff moved to rescind the Order. ECF 41 ("Motion to Rescind").

Plaintiff also filed a "Notice of Removal (Should Not Be Accepted)", which I have construed as a Motion to Remand (ECF 37). And, on July 30, 2021, Davis moved for an extension of time to enable him to show that defendants were served with the suit on June 11, 2021. ECF 38. I granted his request by Order of August 2, 2021. ECF 40. Also pending are plaintiff's motions for appointment of counsel. ECF 42; ECF 50.

Defendants have moved to dismiss (ECF 43). The defense motion is supported by a memorandum (ECF 43-2) (collectively, "Motion to Dismiss"), as well as an exhibit. Plaintiff opposes the Motion to Dismiss. ECF 52; ECF 54.

Upon review of the record, exhibits, and the applicable law, the court deems a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2021). For the reasons that follow, I shall deny plaintiff's Motion to Remand, Motion to Rescind, and motions to appoint counsel. And, I shall grant defendants' Motion to Dismiss.

## I.  Motion to Remand

### A.  Background

As noted, Davis filed suit in the Circuit Court for Baltimore County. ECF 5. Davis does not specify in either ECF 5 or ECF 23 when he filed the suit. But, the suit contains a stamp that indicates it was filed on June 21, 2019. *Id.* at 1. And, in a submission fled by plaintiff in the State Court on September 1, 2020, he asserted that the suit was filed on June 24, 2019. ECF 14 at 1. At the earliest, however, defendants were not served until June of 2021. The exact date of service is disputed.

On July 16, 2021, defendants filed a notice of removal. ECF 1. Pursuant to this court's standing order concerning removal (ECF 33), defendants filed a response stating they "were served with the original summons and complaint via certified mail on or about June 16, 2021" and that "[r]emoval occurred within thirty (30) days of service of the complaint . . . ." ECF 34.

On July 29, 2021, Davis filed a document styled "Notice of Removal (Should Not Be Accepted)." ECF 37. There, plaintiff objects to the removal of the case to federal court, stating that it was untimely. *Id.* The court has construed this submission as a Motion to Remand.

Davis asserts that service was effected on defendants on June 11, 2021. In his view, this rendered defendants' notice of removal on July 16, 2021, as outside the statutory thirty-day time period for removal. *Id.* at 2-3; *see* 28 U.S.C. § 1446(b)(1) (requiring notice of removal to be filed within thirty days of service of the complaint).

In support of his Motion to Remand, Davis filed copies of affidavits and return receipts indicating that the summons and complaints were delivered to the Baltimore County Police Department by certified mail on June 11, 2021. ECF 51 at 4, 7, 9, and 11. One certified mail receipt is addressed to defendant Kenneth Lang and one is addressed to the Baltimore County Police Department. *Id.* at 7 and 11. Both are signed "Police Dept" and dated June 11, 2021. *Id.*

Consequently, this court issued an Order directing defendants to show cause why the case should not be remanded for untimeliness. ECF 56. Defendants responded to the Order. ECF 57. They argued that they were not served on June 11, 2021, and removal was not untimely. Plaintiff replied. ECF 58.

## B.  Legal Principles

The removal of civil cases intrudes on state sovereignty and threatens to undermine the vital role that state courts play in our federalist system. *See Shamrock Oil & Gas Corp. v. Sheets*,

313 U.S. 100, 109 (1941); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148 (4th Cir. 1994). Consequently, "removal statutes must be strictly construed" and, when in doubt, a federal court should remand the case to state court. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018); *see Shamrock Oil & Gas Corp.*, 313 U.S. at 109 (admonishing that federal courts must "'scrupulously confine'" their removal jurisdiction) (citation omitted).

Section § 1446 of 28 U.S.C. governs the process for removing a case from state to federal court. The statute requires: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

In *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Supreme Court distinguished between actual notice and formal service of process for the purposes of § 1446(b). It is a "bedrock principle," the Court observed, that an "individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347. Consistent with this principle, the Court found that § 1446(b)'s thirty-day limit on removal begins to run "only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id*. at 350. In other words, the "time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Elliott*, 883 F.3d 384, 391.

In *Murphy Brothers*, 526 U.S. at 347-50, the Supreme Court concluded that the thirty-day removal countdown did not begin when the plaintiff transmitted a facsimile copy of the complaint to the defendant.  Rather, it began when the defendant received official service of the summons and complaint two weeks later.  In so ruling, the Court noted that embracing a "receipt rule" could "operate with notable unfairness" to defendants by enabling plaintiffs to trigger § 1446(b) through informal service but then delay formal service in order to run out the removal clock.  *Id*. at 356.

Similarly, in *Elliott*, 883 F.3d 384, the Fourth Circuit determined that where a plaintiff chooses to serve the defendant's statutory agent, § 1446(b)'s clock does not commence until the defendant actually receives the summons and complaint from the agent, reasoning that serving the statutory agent "does not guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove the case."  *Id*. at 393.  Such a rule, the Court explained, comports with the purposes animating § 1446(b): "to provide the defendant with adequate time to consider filing for removal, and to create uniform time limits for responding to a complaint."  *Id*.

*Murphy* has been repeatedly construed to hold that "'the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service.'"  *Trademark Remodeling, Inc. v. Rhines*, 853 F.Supp. 2d 532, 539 (D. Md. 2012) (quoting *Samuels v. Two Farms, Inc.*, 2010 WL 4103670, *2 (D. Md. 2010)).

Under Fed. R. Civ. P. 4(j), service upon a state, municipal corporation or other state – created governmental organization subject to suit shall be effected by delivering a copy of the summons and complaint to its chief executive officer; or by serving the summons and complaint in the manner prescribed by the law of the state for the service of summons or other like process

upon any such defendant.   State law determines whether service of process was properly effected.  *Trademark Remodeling*, 853 F. Supp. 2d at 539 (*citing Steverson v. HSBC Auto Fin., Inc.*, 2011 WL 1103164, at *4 (D. Md. 2011)).

Maryland Rule 2-121(a) governs service of process on individuals and allows for service "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery – show to whom, date, address of delivery.'"   Maryland Rule 2-124(l) governs service on an officer or agency of a local government and requires "serving the resident agent designated by the local entity.  If the local entity has no resident agent or if a good faith effort to serve the resident agent has failed, service may be made by serving the chief executive or presiding officer or, if none, by serving any member of the governing body."

### C.  Discussion

As noted, Davis contends that service was effected on the defendants on June 11, 2021, when the summons and complaints were delivered and signed for by "Police Dept."  ECF 37; ECF 51 at 7, 11.  Therefore, Davis contends that defendants' notice of removal was untimely when it was filed on July 16, 2021, more than thirty days after June 11, 2021.  ECF 37.

However, the receipt of the summons and complaint by "Police Dept." does not constitute proper service under Maryland law.  Although the certified mail was addressed to Kenneth Lang, Lang did not sign the receipt.  ECF 51 at 11.  There is no other indication that Lang was in personal receipt of the summons and complaint.  Thus, Davis has not shown that Lang was properly served pursuant to Maryland Rule 2-121(a).

Neither was service properly effected as to the BCPD.  The summons and complaint were not addressed to nor received by the BCPD's resident agent, chief executive or presiding officer, or a member of the governing body of the BCPD, as required by Maryland Rule 2-124(1).

In sum, the receipt of the summons and complaints by "Police Dept" on June 11, 2021, does not constitute proper service under Maryland law as to either defendant.  Therefore, the thirty-day removal period did not begin on that day.  As such, defendants' Notice of Removal, filed on July 16, 2021, was timely and the case was properly removed to this court.

## II.  Motion to Dismiss

On August 23, 2021, defendants filed their Motion to Dismiss (ECF 43, ECF 43-2).  They argue: (1) plaintiff's claims are barred by the statute of limitations; (2) BCPD is not a separate entity from Baltimore County, Maryland and is not independently subject to suit; (3) Lang is entitled to qualified immunity; and (4) plaintiff has failed to state a claim upon which relief may be granted.  ECF 43 and 43-2 at 1-2.  Davis opposes the Motion to Dismiss.  ECF 52.  Defendants replied (ECF 53), and plaintiff again responded (ECF 54).

### A.  Factual Background

Davis claims that on May 2, 2014, Lang, an officer with the BCPD, filed an application and affidavit for a search and seizure warrant.  ECF 5 at 17.  Further, Davis states that the search warrant was executed the same day, and that defendants seized "property outside the scope of the warrant that was not the personal property described and detailed as evidence relating to the commission of a crime."  *Id*. at 14.  The search and seizure warrant submitted by Davis indicates that the search was conducted at 1423 Taylor Avenue, Apartment B, Towson, Baltimore County, MD  21234 and the police sought evidence for an alleged first-degree burglary.  ECF 8 at 4, 8.

Davis claims that the seizure was unconstitutional, in that numerous items were seized that were not described in the warrant and did not constitute evidence of a crime. *Id.* Additionally, he contends that he "was kept in ignorance of cause of action [sic] by fraud." ECF 23 at 2. Davis asserts that defendants conceded their fraud by declaring the items seized to be evidence when "that was not true and not based in fact . . . ." *Id.*

Notably, in early 2016, Davis attempted to obtain the return of the items that he claims were unconstitutionally seized. *See* ECF 5 at 6. With his Complaint, Davis included a letter from the BCPD dated April 25, 2016, advising him that the items seized from 1423 Taylor Avenue, Apartment B, are evidence against him and therefore will not be returned to him. *Id.* Pursuant to a Maryland Public Information Act request, Davis also obtained documents related to the search, including the search warrant (ECF 8 at 4-12), inventory (ECF 52-1 at 10-14), and incident supplement report (ECF 13 at 3-7). But, he does not state when he made the request or when he acquired the records. ECF 5 at 11.

**B. Standards of Review**

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nadendla v WakeMed*, ___ F.4th ___, 2022 WL 187835, at *3 (4th Cir. Jan. 21, 2022); *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211 (4th Cir. 2019); *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an

assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019); *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (2018); *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).   A court is not required to accept legal conclusions drawn from the facts, however. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Comm'w of Va.*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).   The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   But, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at

573; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Paradise Wire & Cable Defined Benefit Pension Fund Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But, mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). The rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555.

If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Put another way, "an unadorned, the-defendant-unlawfully-harmed-me accusation" does not state a plausible

claim for relief. *Iqbal*, 556 U.S. at 678. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quotation marks and citation omitted). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear [ ] *on the face of the complaint*.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis in *Goodman*); *see Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007). "Generally,

when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448). Under limited circumstances, however, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb*, 791 F.3d at 508.

Notably, a court may consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines*, 822 F.3d at 166; *see also* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Paradise Wire & Cable*, 918 F.3d at 318. Notably, "[w]hen the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Goines*, 822 F.3d at 167. Therefore, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Id.* (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the

complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see Six v. Generations Fed. Credit Union*, 891 F.3d 508, 512 (4th Cir. 2018); *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017), *cert. denied*, __U.S.__, 138 S. Ct. 558 (2017); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (citation omitted); *Kensington Volunteer Fire Dep't. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

As noted, in ECF 23, Davis alleges that the cause of action was hidden from him based on the fraudulent conduct of the defendants. A claim of fraud implicates the heightened pleading requirements under Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff alleging claims that sound in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (quotation omitted).

To be actionable, a false representation (or concealment) "must be of a material fact." *Gross v. Sussex, Inc.*, 332 Md. 247, 258, 630 A.2d 1156, 1161 (1993). "A 'material' fact is one

on which a reasonable person would rely in making a decision," *Sass v. Andrew*, 152 Md. App. 406, 430, 832 A.2d 247, 260 (2003), or a fact that "'the maker of the misrepresentation knows ... [the] recipient is likely to regard ... as important.'"  *Gross*, 332 Md. at 258, 630 A.2d at 1161 (citation omitted).  The "misrepresentation must be made with the deliberate intent to deceive," *Sass*, 152 Md. App. at 430, 832 A.2d at 260 (citing *VF Corp. v. Wrexham Aviation Corp*., 350 Md. 693, 704, 715 A.2d 188 (1998)), and the defendant must "know[ ] that his representation is false" or be "recklessly indifferent in the sense that he knows that he lacks knowledge as to its truth or falsity."  *Ellerin v. Fairfax Savings*, F.S.B., 337 Md. 216, 232, 652 A.2d 1117 (1995).

Notably, "a cause of action for fraud" has "a strict requirement of scienter."  *First Union Nat'l Bank v. Steele Software Sys. Corp*., 154 Md. App. 97, 147, 838 A.2d 404, 433 (2003).  "Recovery in a tort action for fraud or deceit in Maryland is based upon a defendant's deliberate intent to deceive."  *Id.*

The court is mindful of its obligation to construe liberally the pleadings of a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This allows the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  But, liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim.  *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .  It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

14

### C.  Section 1983

Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see, e.g.*, *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015).   However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *see Safar v. Tinsley*, 859 F.3d 241, 245 (4th Cir. 2017).

In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."   *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 707 (1999).   But, to seek redress under § 1983, it is not enough merely to allege a violation of federal law; a violation of a federal right is required. *Carey v. Throwe*, 957 F.3d 468, 479 (4th Cir. 2020).

"The first step in any such claim is to pinpoint the specific right that has been infringed." *Safer*, 859 F.3d at 245.   To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law."   *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v.*

*Charleston Area Medical Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

The phrase "under color of state law" is an element that "'is synonymous with the more familiar state-action requirement—and the analysis for each is identical.'" *Davison*, 912 F.3d at 679 (quoting *Philips v. Pitt Cty. Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982)). A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk Cty. v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Philips*, 572 F.3d at 181 ("[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.") (citations and internal quotation marks omitted).

Notably, § 1983 requires a showing of personal fault based upon a defendant's own conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). In other words, there is no respondeat superior liability under § 1983. *Ashcroft*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Therefore, liability based on respondeat superior does not apply to a § 1983 action. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004); *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

16

Liability of supervisory officials under § 1983 "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)); *see Campbell v. Florian,* 972 F.3d 385, 398 (4th Cir. 2020). With respect to a supervisory liability claim in a § 1983 action, a plaintiff must allege:

> (1) That the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to . . . the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *see also Wilcox*, 877 F.3d at 170.

**D.  Discussion**

Defendants urge dismissal of the Complaint based on the statute of limitations. Section 1983 does not contain a statute of limitations. Thus, to determine whether a § 1983 claim was timely filed, courts look to the statute of limitations from the most analogous state-law cause of action. *Owens*, 767 F.3d at 388; *see also* 42 U.S.C. § 1988(a) ("[I]n all cases where [the laws of the United States] are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies ... the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil ... cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause[.]").

A suit filed pursuant to 42 U.S.C. § 1983 constitutes a personal injury action. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. Md. Code (2020 Repl. Vol.), § 5-101 of the Courts and Judicial Proceedings Article ("C.J.").

"Limitations statutes ... are designed to (1) provide adequate time for diligent plaintiffs to file suit, (2) grant repose to defendants when plaintiffs have tarried for an unreasonable period of time, and (3) serve society by promoting judicial economy." *Georgia-Pacific Corp. v. Benjamin*, 394 Md. 59, 85, 904 A.2d 511, 526 (2006); *see Pierce v. Johns-Manville Sales Corp.*, 296 Md. 656, 665, 464 A.2d 1020, 1026 (1983). In Maryland, "[a]s a general rule, the party raising a statute of limitations defense has the burden of proving that the cause of action accrued prior to the statutory time limit for filing the suit." *Newell v. Richards*, 323 Md. 717, 725, 594 A.2d 1152, 1156 (1991).

Although the Maryland statute of limitations applies, the matter of when a cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir. 1975)); *see also McDonough v. Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2155 (2019). "An accrual analysis begins with identifying 'the specific constitutional right' alleged to have been infringed." *McDonough*, 139 S. Ct. at 2155 (quoting *Manuel v. Joliet*, ___ U.S. ___, 137 S. Ct. 911, 920 (2017)).

A claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nassim*, 64 F.3d at 955 (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)); *see Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (stating that a cause of action accrues when the plaintiff "has actual or constructive knowledge" of the claim). But, accrual cannot occur until the plaintiff has

(or should have) "possession of the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122, 100 S.Ct. 352 (discussing discovery rule in the context of the Federal Tort Claims Act, which requires notice to the government "within two years after such claim accrues"); *see also Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 742 (4th Cir. 1990) (en banc) ("The clear import of *Kubrick* is that a claim accrues ... when the plaintiff knows or, in the exercise of due diligence, should have known both the existence and the cause of his injury."); *Gilbert v. United States*, 720 F.2d 372, 374 (4th Cir. 1983).

However, "the answer is not always so simple." *McDonough*, 139 S. Ct. at 2155. "Where, for example, a particular claim may not realistically be brought while a violation is ongoing, such a claim may accrue at a later date." *Id.*

Maryland law is largely consistent with federal law. Therefore, I shall look to both federal and Maryland cases concerning accrual.

As noted, under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides" otherwise. C.J. § 5-101; *see Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 131, 31 A.3d 212, 236 (2011). Ordinarily, "'the question of accrual in § 5-101 is left to judicial determination,' unless the determination rests on the resolution of disputed facts regarding discovery of the wrong." *Poole*, 423 Md. at 131, 31 A.3d at 236 (citation omitted); *see Bank of N.Y. v. Sheff*, 382 Md. 235, 244, 854 A.2d 1269, 1275 (2004) (stating that summary judgment may be appropriate if there is no dispute of material fact as to whether plaintiff was on inquiry notice more than three years before suit was file); *Frederick Road Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 95, 756 A.2d 963, 973 (2000) (explaining that the determination of accrual "may be based solely on law, solely on fact, or on a

combination of law and fact, and is reached after careful consideration of the purpose of the statute and the facts to which it is applied").

Nevertheless, "[r]ecognizing the unfairness inherent in charging a plaintiff with slumbering on his rights where it was not reasonably possible to have obtained notice of the nature and cause of an injury," the so-called discovery rule is sometimes used to determine the date of accrual. *See Sheff*, 382 Md. at 244, 854 A.2d at 1275; *Frederick Road Ltd. P'ship*, 360 Md. at 95, 756 A.2d at 973. "The discovery rule acts to balance principles of fairness and judicial economy in those situations in which a diligent plaintiff may be unaware of an injury or harm during the statutory period." *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 167, 857 A.2d 1095, 1104 (2004).

Under the discovery rule, "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.,* 731 F. Supp. 2d 443, 449 (D. Md. 2010) (citing *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435, 444, 749 A.2d 796, 801 (2000)), *aff'd*, 495 F. App'x 350 (4th Cir. 2012). Notably, "[t]his standard ... does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'" *Dual Inc.*, 383 Md. at 167-68, 857 A.2d at 1104 (citing *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 351, 822 A.2d 1212, 1219 (2003); *Doe v. Archdiocese of Wash.*,114 Md. App. 169, 188-89, 689 A.2d 634, 644 (1997)).

A plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and ... a diligent investigation would have revealed that the plaintiffs were victims of ... the alleged tort.'" *Dual Inc.*, 383 Md. at 168, 857 A.2d at 1104 (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49, 550 A.2d 1155, 1159 (1988)) (alterations in original). Inquiry notice must be actual notice, either express or implied.

*Poffenberger v. Risser*, 290 Md. 631, 637, 431 A.2d 677, 681 (1981).   In Maryland, "[c]onstructive notice or knowledge will not suffice for inquiry notice."   *Benjamin*, 394 Md. at 89, 904 A.2d at 529; *see Poffenberger*, 290 Md. at 637, 431 A.2d at 681.

Davis argues that his constitutional rights were violated when defendants seized property outside the scope of a search warrant.   ECF 5 at 4-5.   In his Complaint and elsewhere, Davis outlines a long list of items that he alleges were seized but that are not listed on the search warrant.   *Id*. at 1-3; ECF 19; ECF 52 at 4-5; ECF 54 at 4.   The issue, for purposes of the statute of limitations, is when Davis learned of the alleged misconduct.

The parties agree that the search warrant was obtained and the search was conducted on May 2, 2014.   Both sides filed a copy of the search warrant.   ECF 8; ECF 52-1; ECF 43-3; ECF 47 at 13.   And, there is no dispute as to its authenticity.   However, Davis does not state whether he was present at the time and location of the search and seizure.   If Davis was present at the search on May 2, 2014, saw the items taken, and/or received a copy of the warrant and inventory, he would obviously have had notice of the alleged violations on that date.   Under those circumstances, the statute of limitations would have expired on May 2, 2017, three years following the date of the search.

Maryland Rule 4-601(e)(2) states: "At the time the warrant is executed, the officer executing the warrant shall leave with the person from whom the property was taken or, if that person is not present, an authorized occupant of the premises from which the property was taken (A) a copy of the search warrant and application, (B) a copy of the supporting affidavit, except an affidavit that has been sealed pursuant to section (d) of this Rule, and (C) a copy of the inventory."   Even if Davis did not personally witness the items being seized, if he was on the

premises at the time, he would likely have received copies of these documents alerting him to the potential cause of action.

But, without claiming to have been absent on the date of the search, Davis argues at length that he was prohibited from learning of the constitutional violations against him because defendants allegedly engaged in the fraudulent labeling of all items seized on May 2, 2014, characterizing them as evidence when, according to Davis, they were not.  ECF 23 at 3; ECF 52 at 8-9; ECF 54 at 5.  Davis's argument may be interpreted liberally to suggest that he was not aware of the discrepancy between the search warrant and what was actually seized, and thus the alleged violations, until he received copies of the warrant and inventory. Therefore, the claim arguably did not accrue until that point.

Notably, Davis does not state when he received the documents, and he does not claim to have first received them within three years of filing this lawsuit.  But, a plain reading of the Complaint indicates that, at the latest, he received the documents by April 2016, if not earlier. And, at that point, he was on inquiry notice.

In particular, Davis includes with his Complaint a letter marked "Exhibit One."  It is dated April 25, 2016, and was sent to him at WCI by the BCPD.  The letter clearly informed Davis that his property would not be returned to him because it constitutes evidence.  ECF 5 at 6.

Moreover, the Complaint states, ECF 5 at 11-13 (emphasis added):

> The plaintiff requested information through the (Maryland Public Information Act), seeking documentation pertaining to the search and seizure. *The documentation obtained consisted* of Incident Supplement Reports and the search and seizure warrant.
>
> *   *   *

*After further review of the documentation, it was found that a substantial amount of items were unlawfully seized and with this information the plaintiff reached out to the Baltimore County Police Department (headquarters) and the Office of the County Attorney and found that the unwaving [sic] continued conclusion remained the same with evidence that factually shows items were seized unlawfully that were not described and detailed in the search and seizure warrant, with no evidentiary value continued to be declared evidence. (letter/documentation enclosed) Exhibit One.*

A plain reading of this section of the Complaint indicates that Davis received the documents via a Maryland public information request and subsequently inquired about the return of his property.   Thus, Davis was in possession of the documents when BCPD responded to his request by letter of April 25, 2016.   Certainly, by the time of the letter, Davis was on notice of the alleged violations.   Any claim accrued at least by that date.

Plaintiff is entitled to have the "prisoner mailbox rule" applied to determine the filing date of his Complaint. Pursuant to the prisoner mailbox rule, the date of filing is not the date the Complaint is received by the court, but the date Davis put the Complaint in the hands of prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988) (a pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk"); *see also Lewis v. Richmond Police Dep't*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

As noted, Davis does not indicate when he filed this case in the Circuit Court for Baltimore County, or when he submitted it to the prison authorities for mailing.   However, the Court may take judicial notice of the date stamp on the suit, which states:   "FILED June 21, 2019."  ECF 5 at 1.   *See* F.R.E. 201; *see, e.g.*, *Lolavar v. de Santibanes*, 430 F.3d 221, 224 n.2 (4th Cir. 2005); *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1n.3 (D. Md. Aug. 20, 2015).   And, during the pendency of the suit, plaintiff personally made

23

representations consistent with his filing of suit in June 2019.  *See*, *e.g.*, ECF 14 at 1.  Moreover, a summons was issued on May 27, 2021.  ECF 37-1 at 2.

Based on the information contained in the Complaint, Davis's claims accrued, at the latest, in April 2016 when he received a letter from the BCPD regarding the property at issue, if not on May 2, 2014, the date of the search.  Therefore, the latest possible expiration date of the three-year statute of limitations is April 2019.  Construing the Complaint liberally, Davis's suit, filed in June 2019, was filed after the expiration of the statute of limitations.

Defendants' Motion will be granted on the basis that Davis's claims are time barred.[1]

### III.  Davis' Pending Motions

As the Complaint is being dismissed, appointment of counsel is not warranted and plaintiff's motions to appoint counsel (ECF 42 and 50) shall be denied.[2]  Likewise, plaintiff's Motion to Rescind (ECF 41) shall be denied, as moot.

### IV.  Conclusion

For the foregoing reasons, Davis's Motion to Remand, Motion to Rescind, and motions to appoint counsel shall be denied.  I shall grant the Motion to Dismiss; the suit shall be dismissed as to defendants Kenneth Lang and the Baltimore County Police Department.

---

[1]  As a result, the Court need not address the remaining claims raised by defendants. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966).

[2] Even if I were to consider the merits of ECF 42 and ECF 50, I would decline to appoint counsel.  Plaintiff clearly has the ability to articulate his claims and, in the posture of the case, there are no circumstances that warrant the appointment of counsel.

24

An Order follows.


February 9, 2022                                _____/s/_____
Date                                            Ellen L. Hollander
                                                United States District Judge